# In the United States Court of Federal Claims

No. 22-1794C

(Filed: March 29, 2023)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| **DEANNA DAWN BEESLEY,** | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) |
| *Defendant.* | ) ) ) |

*Deanna Dawn Beesley*, Evergreen, CO, *pro se*.

*Elinor Joung Kim*, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

**OPINION AND ORDER**

**SOLOMSON, Judge.**

On December 5, 2022, Plaintiff, Deanna Dawn Beesley, a resident of Evergreen, Colorado, proceeding *pro se*, filed a complaint against Defendant, the United States, in this Court. ECF No. 1 ("Compl.") at 1. On December 13, 2022, the Court stayed the case while it evaluated the complaint, *sua sponte*, for probable lack of jurisdiction pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"). ECF No. 5.

Plaintiff's complaint centers on a mask mandate policy instituted by her employer, Whole Foods Market ("Whole Foods"), during the COVID-19 pandemic. Compl. at 2. Plaintiff alleges that on June 1, 2021, Whole Foods instituted a policy requiring all employees not vaccinated against COVID-19 to wear a mask while at work. *Id.*[1] Plaintiff, however, alleges that her doctor advised her that she is "immune compromised" and

---

[1] In evaluating Plaintiff's complaint for jurisdictional purposes, the Court assumes that the facts alleged in Plaintiff's complaint are true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380 (Fed. Cir. 2019).

1

recommended that she not receive the COVID-19 vaccine. *Id.* at 8. Relying on this advice, Plaintiff did not get vaccinated. *Id.* "Due to the nature of the genetic altering MRNA vaccines," Plaintiff alleges that Whole Foods' policy "demonstrate[s] genetic discrimination against unvaccinated employees." *Id.* at 2.

In addition, Plaintiff alleges that Whole Foods provided free cloth masks to all its employees as a part of its mask mandate policy. Compl. at 2. But Plaintiff suffers from asthma and other medical issues, which she alleges are exacerbated while wearing a cloth mask. *Id.* When Plaintiff brought this problem to Whole Foods' attention, requesting that Whole Foods provide her with face shields instead of face masks, Whole Foods allegedly refused. *Id.* Because Whole Foods "would not provide a free face shield but provided free masks for all other employees," Plaintiff claims that she was further discriminated against. *Id.*

Plaintiff also argues that Whole Foods' mask mandate policy violated "the Federal Food, Drug, and Cosmetic Act," because "[m]asks are under an Emergency Use Authorization and any EUA drug or device cannot be mandated" under this Act. Compl. at 2.[2] She further posits that "EUA products are by definition experimental and thus require the right to refuse . . . [u]nder the Nuremberg Code, the foundation of ethical medicine, no one may be coerced to participate in a medical experiment." *Id.*

Plaintiff's complaint acknowledges that the "United States Court of Federal Claims has limited jurisdiction (*see, e.g.*, 28 U.S.C. §§ 1491–1509)," but Plaintiff nevertheless alleges that the Court has jurisdiction over her "civil rights complaint pursuant to 42 U.S.C. § 1983 (non-prisoners)." Compl. at 1.

Plaintiff claims to have suffered "mental and physical anguish" from being forced to wear a cloth mask and being discriminated against. Compl. at 3. Specifically, she alleges that Whole Foods' policy caused to her inhale excessive carbon dioxide and phlegm, which led to medical costs and multiple respiratory infections; that she suffered "[over] 10 months of continued discrimination"; and that Whole Foods' actions caused her a loss of social skills and dignity. *Id.* For these reasons, Plaintiff is seeking a "total settlement" of $300,000. *Id.*

Plaintiff is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's pleadings to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court, however, "may not . . . take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In other words, even a *pro se* plaintiff "bears the burden of proving that the Court of Federal Claims possesse[s] jurisdiction over his complaint." *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements."). In

---

[2] In particular, Plaintiff cites "Title 21 U.S.C. § 360bbb–3(e)(1)(A)(ii)(I-III) of the Federal Food, Drug, and Cosmetic Act." Compl. at 2.

2

the absence of subject-matter jurisdiction, the Court "must dismiss the action." RCFC 12(h)(3); *see also Kissi v. United States*, 493 F. App'x 57, 58 (2012) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim." (citing RCFC 12(h)(3))).

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action; in order to come within the jurisdictional reach . . . of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *United States v. Mitchell*, 463 U.S. 206, 216 (1983). With respect to "money-mandating" claims, a plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S. S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967).

For the reasons explained below, the Court dismisses, *sua sponte*, Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." (citing *Fanning, Phillips, Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998))).[3]

*First*, Plaintiff's claim is against Whole Foods, not the United States, and thus this Court lacks jurisdiction. Plaintiff does not allege that the United States caused her alleged

---

[3] While the Court has liberally construed Plaintiff's complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court only addresses the claims it could reasonably construe. *See Demes v. United States*, 52 Fed. Cl. 365, 369 (2002) ("While a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate."); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("The leniency granted to pro se petitioners . . . is not boundless. Pro se plaintiffs are treated to less stringent standards, but 'they are not automatically entitled to take every case to trial.' Traditionally the 'leniency standard' has still required basic pleading standards. Arguably, hanging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" (second alteration in original) (quoting, respectively, *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001))).

injuries; rather, she alleges that the grocery chain's mask policy was discriminatory and caused her health problems. Pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), this Court's jurisdiction is limited to claims against the United States. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[The Court of Federal Claim's] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court." (citations omitted)); *Nat'l City Bank of Evansville v. United States*, 163 F. Supp. 846, 852 (Ct. Cl. 1958) ("It is well established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained." (citations omitted)).

*Second*, even if actions of the United States somehow were implicated in Plaintiff's complaint, Plaintiff "d[oes] not assert any claims deriving from money-mandating sources of law not sounding in tort" that would place her claims within this Court's jurisdiction. *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015). Although she alleges that Whole Foods violated the Federal Food, Drug, & Cosmetic Act, the provision she cites is not money-mandating. *See* 21 U.S.C. § 360bbb-3; *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("[I]n order to come within the jurisdictional reach . . . of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages."). And to the extent that Plaintiff alleges tort claims, they fall outside this Court's jurisdiction. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort." (citing 28 U.S.C. § 1491(a)(1))).

*Third*, "[c]laims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims." *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007). This Court does not have the authority to adjudicate Plaintiff's claims to the extent they are predicated on state law.

*Fourth*, the Court does not possess jurisdiction over claims based on 42 U.S.C. § 1983, contrary to Plaintiff's assertion. There are two distinct defects with her § 1983 claims: (1) Plaintiff does not identify any state actors as defendants, *see Filarsky v. Delia*, 566 U.S. 377, 380 (2012) ("Section 1983 provides a cause of action against state actors who violate an individual's rights under federal law." (citing 42 U.S.C. § 1983)), and (2) this Court does not have jurisdiction, in any event, to decide claims arising under 42 U.S.C. § 1983. *See Tucker v. United States*, 142 Fed. Cl. 697, 712 (2019) ("To the extent plaintiff is trying to allege a general violation of her civil rights under 42 U.S.C. § 1983, the United States Court of Federal Claims lacks jurisdiction to hear claims alleging a deprivation of civil rights under color of law." (citing, *inter alia*, *May v. United States*, 104 Fed. Cl. 278, 284 (2012), aff'd, 534 F. App'x 930, 934 (Fed. Cir. 2013))).

*Finally*, even if the Court were to find Plaintiff's two counts of "genetic discrimination" sufficient to allege violations of the Equal Protection Clause or the Due Process Clause, this Court lacks jurisdiction over such claims as well. Compl. at 4; *see Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) ("[T]he trial court does not have jurisdiction over . . . claims under the due process, equal protection or supremacy clauses of the United States Constitution. These claims do not fall within the court's jurisdiction as defined by the Tucker Act because none of those statutes or constitutional provisions mandate the payment of money."); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (explaining that the Court of Federal Claims lacks jurisdiction over constitutional claims that do not mandate the payment of money). Nor does the Court have jurisdiction over employment discrimination claims. *See, e.g.*, *Taylor v. United States*, 310 Fed. App'x 390, 393 (Fed. Cir. 2009) ("Because Title VII vests jurisdiction over discrimination claims exclusively in the [United States] district court[s], the Court of Federal Claims cannot exercise jurisdiction over those claims.").

For the reasons explained above, the Court hereby **DISMISSES** Plaintiff's complaint for lack of subject-matter jurisdiction. The Clerk of the Court is directed to enter **JUDGMENT** for the government.

    **IT IS SO ORDERED**.

                                                            s/Matthew H. Solomson
                                                             Matthew H. Solomson
                                                             Judge